DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following the Sandusky County Court of Common Pleas' April 4, 2002 judgment entry which, following a hearing on the matter, found that appellant violated the terms of his community control and reinstated a seventeen month prison sentence. On appeal, appellant presents the following assignment of error:
 {¶ 2} "It is plain error, and a denial of due process, for a trial court to accept a defendant's admission of a probation violation without first having determined that the defendant has made a knowing and voluntary admission of the violation."
 {¶ 3} On August 13, 2001, appellant pled guilty to one count of trafficking in cocaine with the specification that the offense took place in the vicinity of a juvenile. R.C. 2925.03(A) and (C)(4)(b). On September 18, 2001, appellant was sentenced to five years of community control, the terms of which included several restrictions and requirements.
 {¶ 4} On April 2, 2002, the trial court was notified by appellant's probation officer of multiple community control violations. Specifically, it was alleged that on February 21, and March 5, 2002, appellant tested positive for cocaine, appellant failed to report to a counseling program, and appellant failed to meet with his probation officer for a scheduled appointment. The probation department requested that the trial court revoke appellant's community control and reinstate the suspended sentence.
 {¶ 5} A hearing was held on the alleged violations on April 4, 2002, and appellant admitted to two of the violations. In a judgment entry of the same date, the trial court revoked appellant's community control and sentenced him to a prison term of seventeen months. Appellant then filed the instant appeal.
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erroneously accepted appellant's admission of the community control violations without first determining that the admission was knowing and voluntary as required under Crim.R. 11(C)[1]. Appellant contends that he was promised that he would serve no jail time if he admitted to the violations. The state, conversely, asserts that Crim.R. 11 does not apply to community control violations; rather, Crim.R. 32.3 is the proper provision. Crim.R. 32.3 sets forth the following requirements which must be met prior to the revocation of community control: (1) that "the court shall not impose a prison term for violation of the conditions of a control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed" and (2) "that the defendant shall have the right to be represented by retained counsel and shall be so advised."
 {¶ 7} Upon review of the relevant statutory provisions and case law, we find, as have several Ohio appellate courts, that the requirements of Crim.R. 11 apply only to guilty and no contest pleas.[2]
Concordantly, a defendant at a community control revocation hearing need not be afforded the full panoply of rights given a defendant in a criminal proceedings. State v. Ratliff (May 8, 1997) 8th Dist. No. 71045.
 {¶ 8} Under the facts of the present case, we further find that the requirements of the applicable provision, Crim.R. 32.3, have been met. Appellant was afforded a hearing and was apprised of the alleged violations. Appellant was also informed of his right to counsel and waived said right. Accordingly, we find that appellant's due process rights were not violated by the trial court's acceptance of his plea and that appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] {¶ a} Crim.R. 11(C) provides, in part:
 {¶ b} "(C) Pleas of guilty and no contest in felony cases.
 {¶ c} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ d} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ e} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ f} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ g} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
[2] See State v. Stollings (May 11, 2001), 2d Dist. No. 2000-CA-86;State v. Williams (May 11, 2001), 5th Dist. Nos. 00-CA-55, 00-CA-56;State v. Gloeckner (Mar. 21, 1994), 4th Dist. No. 520; State v. Caldwell
(Oct. 27, 1986), 12th Dist. No. CA86-03-018; State v. Durgan (May 10, 1976), 1st Dist. Nos. C 75288 and 75503.